# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

TIMOTHY WANDELL, a single man,

    Plaintiff,

  -vs-                                                                                                 No. CIV 97-1299 JC/WWD

6001, INC., a New Mexico corporation, et al.,

    Defendants,

  -and-

TBCH, INC., a New Mexico corporation,

    Nominal Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendant Pro Management, Inc.'s Motion for Judgment on the Pleadings (Doc. No. 104); Defendant 6001, Inc.'s Motion for Judgment on the Pleadings (Doc. No. 100); Defendants 6001, Inc., Pro Management, Inc., Laurence Dellheim, Teresa Dellheim, Raymond Woodruff, and Richard O'Neill's ("Defendants") Motion for Judgment on the Pleadings on Third Cause of Action of First Amended Derivative Complaint (Doc. No. 96); and Defendants' Motion to Dismiss Plaintiff's Fourth Cause of Action of First Amended Derivative Complaint (Doc. No. 84). The Court has reviewed the motions, the memoranda submitted by the parties and the relevant authorities. The Court finds that Defendant Pro Management, Inc., and Defendant 6001, Inc.'s motions for judgment on the pleadings are not well taken and will be denied as premature; Defendants' Motion for Judgment on the Pleadings on Plaintiff's Third Cause of Action

is not well taken and will be denied; Defendants' Motion to Dismiss Plaintiff's Fourth Cause of Action is well taken and will be granted.

**I.      Background**

Plaintiff and three individually named Defendants--Lawrence Dellheim, Raymond Woodruff and Richard O'Neill--are shareholders of TBCH, Inc. ("TBCH").  TBCH is a closely held New Mexico corporation that operates "TD's at Eubank," a semi-nude nightclub in Albuquerque.  Plaintiff is a 30% shareholder of TBCH.  Defendant Gene Messer is an officer of TBCH and is the manager of TD's at Eubank.

Sometime after the opening of TD's at Eubank, Dellheim, Woodruff and O'Neill formed a second corporation, 6001, Inc. ("6001").  6001 opened a competing semi-nude nightclub in Albuquerque called "TD's North."  Dellheim, Woodruff and O'Neill also became shareholders in a third corporation, Pro Management, which manages various semi-nude nightclubs in Arizona and New Mexico.  Plaintiff claims the formation of 6001, and the operation of a competing nightclub, were breaches of the fiduciary duties held by the officers and directors of TBCH.  Plaintiff also claims Messer, Dellheim, Woodruff and O'Neill allowed TBCH to pay excessive management fees to Pro Management, in violation of their fiduciary duties to TBCH.  Plaintiff claims these excessive fees amounted to a constructive dividend.  Finally, Plaintiff brings a claim for oppressive conduct against the majority shareholders of TBCH and seeks dissolution of the corporation pursuant to NMSA § 53-16-16.

**II.     Analysis**

**Motion for Judgment on the Pleadings–6001 and Pro Management**

Defendants 6001, Inc., and Pro Management, Inc., move pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings on Plaintiff's claim that they "participated in" the individual defendants' breaches of fiduciary duty. Arguing that there is no valid theory supporting liability for "participating in" a breach of fiduciary duty, Defendants assert Plaintiff does not have a valid claim because he did not allege 6001 or Pro Management owed any duty to TBCH.

"A motion for judgment on the pleadings pursuant to Rule 12(c) is treated as a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Mock v. T.G.&Y. Stores Co., 971 F.2d 522, 528 (10th Cir. 1992). Motions to dismiss are viewed with disfavor and are therefore rarely granted. 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed. 1990). The court may not grant a motion to dismiss under Fed. R. Civ. P. 12(b)(6) unless the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief. See Maez v. Mountain States Tel. & Tel., Inc., 54 F.3d 1488, 1496 (10th Cir. 1995). Furthermore, courts must accept all well-plead allegations as true, id., and indulge all reasonable inferences in favor of the plaintiff. See Weatherhead v. Globe Int'l, Inc., 832 F.2d 1226, 1228 (10th Cir. 1987). "The issue is not whether a plaintiff will ultimately prevail but whether claimant is entitled to offer evidence to support the claims." Schuer v. Rhodes, 416 U.S. 232, 236 (1974). The Court will consider Defendants' motion for judgment on the pleadings in light of these standards.

The New Mexico Supreme Court explicitly recognized tort liability for aiding and abetting a breach of fiduciary duty in GCM, Inc. v. Kentucky Central Life Ins. Co., 124 N.M. 186 (1997) (finding the plaintiff had failed to allege sufficient facts to support aiding and abetting claim). In order

to state such a claim, Plaintiff must allege and prove the following: (1) a fiduciary of Plaintiff breached a duty owed Plaintiff; (2) Defendants 6001 and Pro Management knew of such a duty; (3) Defendants intentionally provided substantial assistance or encouragement to the fiduciary to commit an act which Defendants knew to be a breach of fiduciary duty; and (4) damages to Plaintiff were caused thereby. Id. at 148. While Plaintiff has not sufficiently alleged facts to support an aiding and abetting claim pursuant to the GCM opinion at this point, he has complied with the liberal pleading requirements of Fed. R. Civ. P. 8(a). Apparently none of the parties were aware of the GCM case and, therefore, I will give Plaintiff an opportunity to amend his complaint consistent with Rule 11 to comply with the specific pleading requirements outlined above.

### **Defendants' Motion for Judgment on the Pleadings on Third Cause of Action**

Defendants 6001, Inc., Pro Management, Inc., Laurence Dellheim, Teresa Dellheim, Raymond Woodruff, and Richard O'Neill move for judgment on Plaintiff's claim for dissolution of TBCH pursuant to NMSA § 53-16-16 (1993 Repl. Pamp.). Defendants first assert Plaintiff has not alleged sufficient grounds for the drastic remedy of dissolution.

Plaintiff seeks dissolution in his third claim based on the majority shareholders' (Dellheim, O'Neill and Woodruff's) alleged oppressive conduct against him. Section 53-16-16(A)(1)(b) provides that the courts "may liquidate the assets and business of a corporation . . . in an action by a shareholder when it is established that . . . the acts of the directors or those in control of the corporation are illegal, oppressive or fraudulent." Plaintiff and Defendants disagree on what conduct can be considered oppressive conduct for purposes of dissolution. Defendants claim Plaintiff does not state a claim because corporate waste, while providing one example of oppressive conduct, is

insufficient on its own to support dissolution. Plaintiff, on the other hand, asserts Defendants' conduct rises to the level of oppressive conduct pursuant to the statute.

Oppressive conduct is an "expansive term that is used to cover a multitude of situations dealing with improper conduct." McCauley v. McCauley & Son, Inc., 104 N.M. 523, 527 (Ct. App. 1986). In McCauley, the New Mexico Court of Appeals upheld the trial court's finding that the majority stockholders acted with the intent to "freeze out" the minority shareholder (plaintiff) from the corporation and that defendant's conduct was oppressive. For purposes of this motion and accepting Plaintiff's allegation as true, I find that Plaintiff states a claim for oppressive conduct based on his First Amended Complaint.

However, Defendants contend that even if Plaintiff can state a claim, he must pursue the breach of fiduciary duty claims derivatively on behalf of the corporation rather than directly on his own behalf, relying on Schwartzman v. Schwartzman Packing Co., 99 N.M. 436, 441 (1983). In Schwartzman, the New Mexico Supreme Court held that a minority shareholder seeking relief for *indirect* injuries against a corporation must proceed derivatively. Id. Plaintiff claims he has suffered direct harm from the actions of Defendants and this claim complies with the pleading requirements of Fed. R. Civ. P. 8(a). See generally, id. (noting trial court has wide discretion to determine whether complaint states primary or direct claim). As such, Plaintiff is not required to plead more than Defendants breached their fiduciary duties to him and as a result, he suffered a distinct injury from the other shareholders. Cf. Stat-Tech Int'l Corp. v. Stat-Tech Int'l Corp., 47 F.3d 1054,1059 (10th Cir. 1995) (construing Colorado law). I find Plaintiff has sufficiently stated a direct claim against Defendants in his third cause of action, and I will not enter judgment on the pleadings for Defendants.

### Defendants' Motion to Dismiss Plaintiff's
### Fourth Cause of Action

Finally, Defendants move to dismiss Plaintiff's claim for "constructive dividends" because they argue there is no such cause of action in New Mexico. Defendants further assert that the few states which recognize such a cause of action require the claim to be brought derivatively.

Plaintiff does not point to any New Mexico case law which recognizes a distinct cause of action for "constructive dividends" and relies primarily on a case decided by the Supreme Court of Alaska. As a federal court sitting in diversity, I must attempt to construe the state's law in a manner in which the Supreme Court of New Mexico would, if faced with the same facts and issue. Yoder v. Honeywell, Inc., 104 F.3d 1215, 1223 (10th Cir. 1997). I am also to look to other state and federal decisions and to the general trend of authority. Id.

In his First Amended Complaint, Plaintiff bases his "constructive dividend" claim on the excessive management fees allegedly paid by TBCH to Pro Management and then redistributed to Dellheim, his family, Woodruff, and others. Plaintiff claims that he, as a minority shareholder, is entitled to participate in the benefits shared by the majority. Plaintiff discusses the distinctive nature of close corporation settings--where there is no readily available market for the stock of a disadvantaged minority shareholder--arguing that he should obtain relief for the loss he has suffered which is not shared by all other shareholders.

In McCauley, the Court of Appeals noted that New Mexico adopted Section 97 of the ABA Model Business Corporation Act, codified as Section 53-16-16, due in large part to "this lack of ready access to the market place" resulting in "minority shareholders being held hostage by the controlling interest." 104 N.M. at 527. Controlling shareholders of a closely held corporation owe

a fiduciary duty to the corporation and to the minority shareholders, see generally, Petty v. Bank of New Mexico Holding Co., 109 N.M. 524, 527 (1990), and NMSA § 53-16-16 outlines the relief available to Plaintiff for a breach of that duty.  I find that Plaintiff's fourth cause of action for "constructive dividends" simply restates his breach of fiduciary claim against Defendants, and I will not treat it as a separate claim.  (See Pl. Resp. to Mot. to Dismiss Fourth Cause of Action at 8: "Excluding the minority from the benefits of participating in the corporation is a breach of fiduciary duty . . .").  Rather, I will consider Plaintiff's allegation that Defendants paid excess management fees to Pro Management in deciding whether Defendants breached their fiduciary duties.  As I do not find that New Mexico or the majority of other states recognize a separate cause of action for "constructive dividends" where the majority allegedly profits in the form of excess management fees to the exclusion of minority shareholders, I will grant Defendants' Motion to Dismiss Plaintiff' Fourth Cause of Action.

    Wherefore,

    IT IS ORDERED that Defendant Pro Management, Inc.'s Motion for Judgment on the Pleadings (Doc. No. 104) and Defendant 6001, Inc.'s Motion for Judgment on the Pleadings (Doc. No. 100) be, and hereby are, **denied** as premature.  Plaintiff has fourteen days from the filing of this Memorandum Opinion and Order to amend his complaint as outlined above.

    IT IS FURTHER ORDERED that Defendants 6001, Inc., Pro Management, Inc., Laurence Dellheim, Teresa Dellheim, Raymond Woodruff, and Richard O'Neill's Motion for Judgment on the Pleadings on Third Cause of Action of First Amended Derivative Complaint (Doc. No. 96) be, and hereby is, **denied**.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss Plaintiff's Fourth Cause of Action of First Amended Derivative Complaint (Doc. No. 84) be, and hereby is, **granted**.

DATED this 19th day of August, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiff: | Geoffrey D. Rieder |
| | Silva, Rieder & Maestas, P.C. |
| | Albuquerque, New Mexico |
| | |
| | L. Anthony Fines, Lane D. Oden |
| | Fines & Oden, P.L.C. |
| | Tucson, Arizona |
| | |
| Counsel for Certain Defendants: | David A. Streubel |
| | Civerolo, Gralow & Hill |
| | Albuquerque, New Mexico |
| | |
| | Jeffrey Willis, Craig H. Kaufman, Deanna Conn |
| | Streich Lang |
| | Tucson, Arizona |